# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**RUSSELL BERGER,**  **PLAINTIFF**
ADC #115855

V.     CASE NO. 5:15-CV-00263 JM/BD

**MARVIN EVANS, et al.**   **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.  Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.    Discussion:**

Plaintiff Russell Berger, an inmate in the Maximum Security Unit of the Arkansas Department of Correction ("ADC"), filed this lawsuit pro se and is proceeding *in forma pauperis*.  (Docket entries #1, #2)

In his complaint, Mr. Berger alleges that dogs participating in the ADC's Paws-in-Prison Program are housed in his barracks. He complains that the dogs create excessive noise and interfere with his sleep and "quiet enjoyment of life." He also alleges that the barracks are unsanitary due to the dogs' accidents and that the dogs themselves can be unsanitary. He further complains that the dogs are allowed in the day room while he is eating. Mr. Berger acknowledges that he has the opportunity to be housed in a dog-free barracks, but notes that the alternative barracks would be more restrictive. (#1)

The "Constitution does not mandate comfortable prisons" or that prisons be "free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Additionally, only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of an eighth amendment violation. *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). In order to prevail on an eighth amendment conditions-of-confinement claim, a prisoner must meet both an objective and a subjective test. First, whether a reasonable person would find the condition so serious that it deprives prisoners of the minimum civilized measures of life's necessities or creates a substantial risk of serious harm to inmate health or safety; and second, whether the defendants were deliberately indifferent to the risk of harm posed by the deprivation. See *Davis v. Oregon County, Mo.*, 607 F.3d 543, 548-49 (8th Cir. 2010); *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004); *Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir. 1998).

Mr. Berger's claim does not rise to the level of a constitutional violation because he has the opportunity to remove himself from his current situation at any time. That might mean living in a more restrictive barracks, but Mr. Berger does not allege that he would be denied any of life's necessities in the more restrictive barracks. Mr. Berger might be unhappy with this option, but he has no liberty interest in being housed in any particular barracks or housing unit. *Bumgardner v. Norris*, 2010 WL 1729866 (E.D. Ark. 2010)(unpublished opinion)(citing *Allen v. Purkett,* 5 F.3d 1151 (8th Cir. 1993), *cert. denied,* 513 U.S. 829 (1994)*; Brown v. Norris*, 2008 WL 2705104 (E.D. Ark. 2008)(unpulished opinion)(citing *Rouse v. Benson*, 193 F.3d 936, 940 (8th Cir. 1999)).

**III.** **Conclusion:**

Mr. Berger has not stated a federal claim to relief. For that reason, the Court recommends that his claims against the Defendants in this case be DISMISSED, without prejudice.

DATED this 19th day of August, 2015.

_____
UNITED STATES MAGISTRATE JUDGE